# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI HARTLINE, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC D/B/A Dollar General, INDIVIDUALLY, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE,<br><br>Defendants. | Case No.: 6:24-CV-00027-GLJ |

**DOLLAR GENERAL CORPORATION'S AND DOLGENCORP, LLC'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION TO COMPEL <u>ARBITRATION AND BRIEF IN SUPPORT</u>**

## TABLE OF CONTENTS

**Page**

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION TO COMPEL ARBITRATION ...................... 1

ARGUMENT ................................................................................................................................ 1

CONCLUSION ............................................................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alascom, Inc. v. ITT N. Elec. Co.*,
   727 F.2d 1419 (9th Cir. 1984) ................................................................................................2

*AT&T Tech., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986)..................................................................................................................2

*Local 771, I.A.T.S.E. v. RKO Gen., Inc., WOR Div.*,
   546 F.2d 1107 (2d Cir. 1977)....................................................................................................2

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967)..................................................................................................................2

*United Steelworkers of Am. v. Oregon Steel Mills, Inc.*,
   322 F.3d 1222 (10th Cir. 2003) ................................................................................................1

**Rules**

Federal Rule of Civil Procedure 26(c) ............................................................................................1

Local Rule 7.1(f)..............................................................................................................................1

Defendants Dollar General Corporation and Dolgencorp, LLC, (collectively "Dollar General") move the Court under Federal Rule of Civil Procedure 26(c) for entry of an order staying further proceedings pending the resolution of Defendants' motion to compel arbitration. Pursuant to Local Rule 7.1(f), Dollar General telephonically conferred with Plaintiff's counsel.[1] Plaintiff's counsel opposes the relief requested. Dollar General refers the Court to the brief in support below.

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION TO COMPEL ARBITRATION**

Defendants have moved to compel arbitration. This motion raises the critical, threshold issue about the appropriate forum for this matter. While the motion to compel arbitration is pending, the parties and the Court should not have to incur the significant burdens and expenses of discovery. Discovery should be managed in the appropriate forum by the adjudicator who will supervise and resolve Plaintiff's claims. The Court should therefore stay proceedings under Federal Rule of Civil Procedure 26(c) until it resolves the pending motion to compel arbitration.

**ARGUMENT**

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United Steelworkers of Am. v. Oregon Steel Mills, Inc*., 322 F.3d 1222, 1227 (10th Cir. 2003). The Court should exercise its authority to stay proceedings pending resolution of the motion to compel for three primary reasons.

First, a stay of discovery will preserve judicial and party resources. A stay will neither impose hardship or prejudice on Plaintiff because this case is still in the early stages of litigation, and there is no indication that a temporary pause of discovery risks losing relevant evidence.

---

[1] Plaintiff's counsel is in Oklahoma City, Oklahoma, Lakewood, Ohio, and North Brunswick, New Jersey. Dollar General's counsel is in Dallas, Texas, and Richmond, Virginia. Counsels' offices are more than 30 miles from each other.

1

Second, the Court should not assume the responsibility of overseeing discovery given that it should compel arbitration. Granting a stay of proceedings pending resolution of the motion to compel arbitration also minimizes the risk of undermining the role of the arbitrator should the Court compel the case to arbitration.

Third, ordering a stay of discovery before the Court resolves the motion to compel arbitration comports with the underlying policy that requires a stay or dismissal after the Court grants that motion to compel. Once arbitration is compelled and a stay is requested, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). As the Supreme Court has explained, "[i]n so concluding, we honor not only the plain meaning of the statute, but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Id*. Thus, "a court is not to rule on the potential merits of the underlying claims." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

In keeping with that policy, courts across the country have held that permitting discovery before resolving a motion to arbitrate undermines the very purpose of an arbitration agreement and, consequently, the FAA. *See, e.g.*, *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (proceeding while the motion to compel arbitration was pending would "depriv[e]" the parties "of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes."); *Local 771, I.A.T.S.E. v. RKO Gen., Inc., WOR Div.*, 546 F.2d 1107, 1113 (2d Cir. 1977) ("[T]he bargained-for purpose of arbitration . . . is the avoidance of litigation and its concomitant costs and delays.").

## CONCLUSION

For these reasons, the Court should stay proceedings until it resolves Dollar General's motion to compel arbitration.

Dated this 5th day of June, 2024.

                                        Respectfully submitted,

                                        */s/ Joel S. Allen*
                                        Joel S. Allen
                                        OK Bar Number 14668
                                        jallen@mcguirewoods.com
                                        McGuireWoods LLP
                                        2601 Olive Street, Suite 2100
                                        Dallas, Texas 75201
                                        Telephone:   214.932.6400
                                        Facsimile:    214.932.6499

                                        Trent Taylor
                                        *pro hac vice* application forthcoming
                                        rtaylor@mcguirewoods.com
                                        McGuireWoods LLP
                                        800 East Canal Street
                                        Richmond, VA 23219-3916
                                        Telephone:   804.775.1182
                                        Facsimile:    804.225.5409

                                        **ATTORNEYS FOR DEFENDANTS DOLGENCORP, LLC, AND DOLLAR GENERAL CORPORATION**

## CERTIFICATE OF SERVICE

  I hereby certify that on June 5, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

*/s/ Joel S. Allen*  
Joel S. Allen
